UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN LEWIS, JR., <br><br> Plaintiff, <br><br> v. <br><br> ALAN QUINTO, *et al.*, <br><br> Defendants. | Case No. 1:22-cv-00628-CDB (PC) <br><br> FINDINGS AND RECOMMENDATIONS TO DISMISS STATE LAW CLAIM <br><br> (Doc. 1) <br><br> FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND MOTIONS FOR DEFAULT JUDGMENT <br><br> (Docs. 13, 14, 16) <br><br> **FOURTEEN (14) DAY DEADLINE** <br><br> Clerk of the Court to Assign District Judge |

Plaintiff Kevin Lewis, Jr., is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983.

**I.      Dismissal of State Law Claim**

On July 7, 2023, the Court screened the complaint and found it states a cognizable Eighth Amendment claim for use of excessive force against Defendants Quinto, Gilbert, Brown, and Hernandez, Correctional Officers ("COs") at North Kern State Prison; and a claim for failure to protect against COs Brown and Hernandez. (Doc. 15.) The Court further found the complaint

1  fails to state a claim under California law because Plaintiff did not allege compliance with the
2  California Government Claims Act. (*Id.*) (citing Cal. Const. art. I § 17; Cal. Gov't Code §§ 910,
3  911.2, 945.4). The Court granted plaintiff leave to file a first amended complaint curing the
4  deficiencies identified in the screening order or written notice that he wishes to forego
5  amendment and stand on his complaint as screened. (*Id.*)

6       On July 18, 2023, Plaintiff filed a first amended complaint against the same Defendants.
7  (Doc. 17.) However, the pleading did not cure the deficiencies identified in the screening order
8  pertaining to Plaintiff's failure to comply with the California Government Claims Act. Instead, it
9  made significant omissions, including all allegations against COs Brown and Hernandez. (*Id.*)
10 The Court liberally construes this pleading as an election to proceed on the original complaint as
11 screened rather than an intent to abandon his claims against these two defendants. Therefore, this
12 action proceeds on the complaint as screened, and the Court recommends dismissal of the state
13 law claim against all defendants for failure to state a claim. (Docs. 1, 17.)

14 **II.   Motion for Summary Judgment**

15      Plaintiff has filed a motion for summary judgment based on Defendants' use of excessive
16 force without a cooling down period and use of pepper spray without a review of medical records
17 by nursing staff.

18      Summary judgment is appropriate when the moving party "shows that there is no genuine
19 dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.
20 Civ. P. 56(a). The moving party bears the initial burden of proving the absence of a genuine issue
21 of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The moving party may
22 accomplish this by presenting evidence that negates an essential element of the non-moving
23 party's case. *Id.* Alternatively, the movant can demonstrate that the non-moving party cannot
24 produce evidence to support an essential element of his claim that must be proven at trial. *Id.*;
25 Fed. R. Civ. P. 56(c)(1)(B). "[A] complete failure of proof concerning an essential element of the
26 non-moving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at
27 322–23.

28      Plaintiff has alleged that Defendants were served with summonses on May 22, 2022, but

failed to respond to the complaint within ninety days. (Doc. 16 at 1.) However, this assertion is incorrect. Plaintiff filed this action on May 18, 2022, and the complaint could not have been served on Defendants. Only in the instant Findings and Recommendations has the Court determined the which pleading is the operative complaint. At this pre-service stage of the proceedings, Plaintiff has failed to demonstrate that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law.

### III.   Default Judgment

Plaintiff has filed two motions for default judgment against Defendants for failure to respond to summonses. Federal Rule of Civil Procedure 55 provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Before a default will be entered, the clerk must be satisfied from the request and accompanying documentation that: 1) the defendant has been served with the summons or has agreed to waive serve; 2) the time allowed by law for responding has expired; and 3) the defendant has failed to file a pleading or motion permitted by law. *U.S. ex rel. Felix Haro Const., Inc. v. St. Paul Fire and Marine Ins. Co.*, 2009 WL 1770156, at *3 (E.D. Cal. June 23, 2009) (citing *Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 512 (9th Cir. 1986)); *see also Chambers v. Knight,* 2019 WL 1923936, at *2 (S.D. Cal. Apr. 30, 2019) ("A default may not enter against a defendant unless the plaintiff has properly served the defendant.").

Because Defendants have not been served with summonses or had an opportunity to respond to the complaint, Plaintiff is not entitled to default judgment.

### IV.   Conclusion

Accordingly, it is RECOMMENDED:

1. The Court DISMISS WITH PREJUDICE Plaintiff's state law claim raised under the California Constitution against all Defendants (*see* Doc. 15);
2. DENY Plaintiff's motion for summary judgment (Doc. 13); and
3. DENY Plaintiff's motion for default judgment (Docs. 14, 16).

///

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within fourteen (14) days** from the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be titled, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

The Clerk of Court is directed to assign a District Judge to this action.

IT IS SO ORDERED.

Dated: **August 14, 2023**

UNITED STATES MAGISTRATE JUDGE