UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN LEWIS, JR., <br><br> Plaintiff, <br><br> v. <br><br> ALAN QUINTO, *et al.*, <br><br> Defendants. | Case No. 1:22-cv-00628-NODJ-CDB (PC) <br><br> ORDER DENYING MOTION TO APPOINT COUNSEL <br><br> (Doc. 29) |

Plaintiff Kevin Lewis, Jr., is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983.

**I.    Background**

This action proceeds on Plaintiff's Eighth Amendment claim for use of excessive force against Defendants Quinto, Gilbert, Brown, and Hernandez, Correctional Officers ("COs") at North Kern State Prison, and claim for failure to protect against COs Brown and Hernandez. (Docs. 15, 19, 20.) Defendants' have not yet appeared and their time to respond to the operative complaint has not expired.

**II.   Plaintiff's Motion for Appointment of Counsel**

On December 29, 2023, Plaintiff filed the pending motion for appointment of counsel. (Doc. 29.) In his motion, Plaintiff represents that he is "a mental health patient and do not

understand proceedings and procedures of the Court.  I have an adult basic education score of 9.0 which makes it hard to comprehend." *Id.*

Plaintiffs do not have a constitutional right to appointed counsel in section 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). Nor can the Court require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks & citations omitted).

### *Likelihood of Success on the Merits*

At this stage in the proceedings, the Court cannot determine whether Plaintiff is likely to succeed on the merits. *Rand*, 113 F.3d at 1525. A merits-based determination tests the veracity of the claims based upon evidence adduced during litigation. The issues involved here are not complex. Plaintiff's Eighth Amendment excessive force and failure to protect claims will largely involve factual determinations as opposed to more complex legal arguments and determinations.

### *Plaintiff's Ability to Articulate Claims*

The Court finds Plaintiff is able to articulate his claims as demonstrated by the fact that the Court has found cognizable claims pleaded against multiple Defendants. *Rand*, 113 F.3d at 1525. Further, Plaintiff has responded appropriately to the Court's orders and filed motions for summary and default judgment.  (Docs. 1, 13, 14, 16.)

To the extent Plaintiff requests a competency hearing, "[a] party proceeding pro se in a civil lawsuit is entitled to a competency determination when substantial evidence of incompetence is presented." *Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005). Exactly

2

what constitutes "substantial evidence" is not specifically denoted in *Allen*; however, courts may consider evidence such as sworn declarations and letters from treating psychiatrists. *Id*. at 1151–53. In *Allen*, the Ninth Circuit found substantial evidence of incompetency where the petitioner submitted his own sworn declaration and another inmate's declaration explaining petitioner's mental illness and inability to understand the court's orders, as well as a letter from the petitioner's psychiatrist detailing his diagnosed schizophrenia and medications. *Id*. at 1153.

An incapacitating mental disability may be grounds for appointment of counsel in some cases, but a plaintiff making that argument must present substantial evidence of incompetence. *See McElroy v. Cox*, No. 08–1221 JM (AJB), 2009 WL 4895360, at *2 (E.D. Cal. Dec. 11, 2009). In *McElroy*, the plaintiff, a pro se prisoner in a section 1983 case, presented documents similar to those provided in *Allen* to support his mental disability; however, the court found "there is no nexus between his mental disorder and his ability to articulate his claims." *Id*. at *3. The court found the plaintiff's ability to articulate his claim was not affected by his mental disorder. *Id*. The plaintiff had successfully survived screening, successfully opposed Defendants' motion to dismiss by presenting legal arguments with documentary support, and his motions for appointment of counsel were drafted with clarity and proper arguments. *Id*. Medical records also showed that he functioned well when properly medicated. *Id*. The court denied Plaintiff's motion to appoint counsel because he had not shown that the interests of justice or exceptional circumstances warranted appointment of counsel. *Id*.

Here, Plaintiff has offered only his summary statement that he is a "mental health patient" with an adult basic education score of 9.0, which does not constitute substantial evidence of incompetence. *See Yocom v. County of Tulare*, No. 1:21-cv-00849-HBK (PC), 2023 WL 5723828, at *1 (E.D. Cal. Sept. 5, 2023); *Meeks v. Nunez*, No. 13cv973-GPC (BGS), 2017 WL 476425, at *3 (S.D. Cal. Feb. 6, 2017).

Additionally, even assuming Plaintiff is not well versed in the law and has made serious allegations that, if proven, would entitle him to relief, Plaintiff's case is not exceptional. The Court is faced with similar cases almost daily. While the Court recognizes that Plaintiff is at a disadvantage due to his pro se status and his incarceration, the test is not whether Plaintiff would

benefit from the appointment of counsel. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). The test is whether exceptional circumstances exist; here, they do not. Indeed, circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. *See, e.g.*, *Faultry v. Saechao*, 2020 WL 2561596, at *2 (E.D. Cal., May 20, 2020) (stating that "[c]ircumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances supporting appointment of counsel"); *see also Rand*, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony").

Plaintiff is advised the fact an attorney may be better able to perform research, investigate, and represent a plaintiff does not change the analysis. There is little doubt most pro se litigants "find it difficult to articulate [their] claims," and would be better served with the assistance of counsel. *Wilborn*, 789 F.2d at 1331; *Courtney v. Kandel*, No. 2:18-CV-2052-KJM-DMC-P, 2020 WL 1432991, at *1 (E.D. Cal. Mar. 24, 2020) (challenges conducting discovery and preparing for trial "are ordinary for prisoners pursuing civil rights claim" and cannot form the basis for appointment of counsel). For this reason, in the absence of counsel, federal courts employ procedures which are highly protective of a pro se litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding pro se complaint to less stringent standard) (per curiam). In fact, where a plaintiff appears pro se in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Thus, where a pro se litigant can "articulate his claims" in light of the relative complexity of the matter, the "exceptional circumstances" which might require the appointment of counsel do not exist. *Wilborn*, 789 F.2d at 1331; accord *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Further, indigency does not qualify as an exceptional circumstance. *See Callender v.*

4

*Ramm*, No. 2:16-cv-0694 JAM AC P, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018) ("The law is clear: neither plaintiff's indigence, nor his lack of education, nor his lack of legal expertise warrant the appointment of counsel").

In sum, Plaintiff faces challenges and circumstances faced by most pro se prisoner litigants. Nevertheless, those circumstances are not exceptional and do not warrant the appointment of counsel. *Rand*, 113 F.3d at 1525.

### III. Conclusion and Order

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Appoint Counsel (Doc. 29) is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated: **January 3, 2024**

UNITED STATES MAGISTRATE JUDGE