1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11    KEVIN LEWIS, JR.,                        Case No. 1:22-cv-00628-NODJ-CDB (PC)

12                     Plaintiff,              **ORDER TO SHOW CAUSE WHY**
                                               **DEFENDANT HERNANDEZ SHOULD**
13          v.                                 **NOT BE DISMISSED FROM THIS**
                                               **ACTION FOR PLAINTIFF'S FAILURE**
14    ALAN QUINTO, *et al.*,                   **TO PROVIDE SUFFICIENT**
                                               **INFORMATION TO EFFECTUATE**
15                     Defendant.              **SERVICE**

16

17                                             **30-DAY DEADLINE**

18

19          Plaintiff Kevin Lewis, Jr., is a state prisoner proceeding pro se and *in forma pauperis* in

20    this civil rights action filed under 42 U.S.C. § 1983. This action proceeds on an Eighth

21    Amendment claim for use of excessive force against Defendants Alan Quinto, Bobby Gilbert,

22    Shannon Brown, and John Hernandez, Correctional Officers ("COs") at North Kern State Prison;

23    and a claim for failure to protect against COs Brown and Hernandez. (Doc. 20.)

24          On October 27, 2023, the Court issued its Order Finding Service Appropriate. (Doc. 21.)

25    Specifically, service was to be effected on Defendants Quinto, Gilbert, Brown, and Hernandez.

26    (*Id*. at 2.)

27          On December 12, 2023, and again on January 8, 2024, the California Department of

28    Corrections and Rehabilitation ("CDCR") advised the Court service would not be waived as to

1   Defendant Hernandez, indicating it was unable to identify a "John Hernandez." (Docs. 28, 32.)

2   CDCR was unable to provide a last known address or any other information concerning this

3   individual.

4   **I.      DISCUSSION**

5   Plaintiff identified this defendant in the operative complaint as "John Hernandez …

6   correctional officer" at North Kern State Prison. (*See* Doc. 1 at 2.) Thus, in the Order Finding

7   Service Appropriate, service was to be effected on **John Hernandez**, allegedly employed as a

8   correctional officer at North Kern State Prison ["NKSP"] on February 24, 2021." (Doc. 21 at 2,

9   emphasis in original.)

10   The Court's October 27, 2023, order provides that where the CDCR or the Attorney

11   General's Office is "unable to effectuate service," service will be referred to the United States

12   Marshal. (*Id.* at 2.)  Accordingly, on the date CDCR first filed its notice of intent to not waive

13   service as to Defendant Hernandez (December 12, 2023), the Clerk of Court forwarded service

14   documents to the United States Marshal.

15   On January 12, 2024, the Clerk of Court filed a summons returned unexecuted as to

16   Defendant Hernandez.  (Doc. 35.)  In that filing, a deputy United States Marshal certified that as

17   of December 28, 2023, he was unable to locate Defendant Hernandez for service.  *Id.*

18   Specifically, the deputy United States Marshal indicated: "Per NKSP LitCor, cannot identify a

19   staff member by the name of John Hernandez."  *Id.*

20   Because neither CDCR nor the United States Marsha is able to identify Defendant

21   Hernandez, Plaintiff will be directed to provide additional information.

22   Federal Rule of Civil Procedure 4(m) provides as follows:

23   If a defendant is not served within 90 days after the complaint is filed, the court—on
     motion or on its own after notice to the plaintiff—must dismiss the action without
24   prejudice against that defendant or order that service be made within a specified
     time.  But if the plaintiff shows good cause for the failure, the court must extend the
25   time for service for an appropriate period.

26   *See* Fed. R. Civ. P. 4(m).

27   In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the

28   court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro

1    se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the

2    summons and complaint, and . . . should not be penalized by having his or her action dismissed

3    for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the

4    duties required of each of them . . ..” *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990).

5        “So long as the prisoner has furnished the information necessary to identify the defendant,

6    the marshal’s failure to effect service is ‘automatically good cause . . ..’” *Walker v. Sumner*, 14

7    F.3d 1415, 1422 (9th Cir. 1994), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472

8    (1995). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient

9    information to effect service of the summons and complaint, the Court’s *sua sponte* dismissal of

10   the unserved defendant is appropriate. *Walker*, 14 F.3d at 1421-22.

11       Here, the United States Marshal cannot attempt to serve Defendant Hernandez without

12   information concerning his identity and location. Plaintiff identified Defendant Hernandez as a

13   correctional officer at NKSP during the incidents about which he complains. However, the CDCR

14   has since advised that it was unable to identify Hernandez. Therefore, Plaintiff has failed to

15   provide the Marshal with accurate and sufficient information to effect service of the summons and

16   Plaintiff’s complaint on Defendant Hernandez. *Walker*, 14 F.3d at 1421-22. If Plaintiff is unable

17   to provide the United States Marshal with the necessary information to identify and locate this

18   individual, Defendant Hernandez shall be dismissed from this action, without prejudice, pursuant

19   to Rule 4 of the Federal Rules of Civil Procedure. It is Plaintiff’s obligation to provide the United

20   States Marshal with accurate and sufficient information to effect service of process. *Id.*

21       Pursuant to Rule 4(m), the Court will provide Plaintiff with the opportunity to show cause

22   why Defendant Hernandez should not be dismissed from the action at this time. Plaintiff may

23   respond to this order by providing additional information that will assist the United States

24   Marshal in identifying and locating Defendant Hernandez for service of process.

25   **II.    CONCLUSION AND ORDER**

26       Based on the foregoing, **IT IS HEREBY ORDERED** that:

27   1. **Within thirty (30) days** from the date of service of this order, Plaintiff shall show cause

28       why Defendant Hernandez should not be dismissed from this action. Plaintiff may do so

3

by providing additional information concerning Defendant Hernandez's identity and current location; and

2. **The failure to respond to this order or the failure to show cause will result in the dismissal of any unidentified defendant from this action, due to Plaintiff's failure to serve process pursuant to Federal Rule of Civil Procedure 4(m).**

IT IS SO ORDERED.

Dated:   **January 16, 2024**          _____

UNITED STATES MAGISTRATE JUDGE

4