UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN LEWIS, JR., <br><br> Plaintiff, <br><br> v. <br><br> ALAN QUINTO, *et al.*, <br><br> Defendant. | Case No. 1:22-cv-00628-NODJ-CDB (PC) <br><br> **ORDER GRANTING DEFENDANTS' MOTION FOR EXTENSION OF TIME** <br><br> (Doc. 38) <br><br> **FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, WITHOUT PREJUDICE, AS PREMATURE** <br><br> (Doc. 33) <br><br> **14-DAY OBJECTION PERIOD** |

Plaintiff Kevin Lewis, Jr., is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983. This action proceeds on an Eighth Amendment claim for use of excessive force against Defendants Alan Quinto, Bobby Gilbert, Shannon Brown, and John Hernandez, Correctional Officers ("COs") at North Kern State Prison; and a claim for failure to protect against COs Brown and Hernandez. (Doc. 20.)[1]

---

[1] On January 16, 2024, the Court ordered Plaintiff to show cause why Defendant Hernandez should not be dismissed from the action for Plaintiff's failure to provide sufficient information concerning Defendant Hernandez's identity and current location to permit service. (Doc. 37.) Plaintiff has not yet responded to the show cause order.

**A. Defendants' Motion for Extension of Time**

Pending before the Court is Defendants' *ex parte* motion for a 14-day extension of time to respond to the complaint. (Doc. 38.) According to the declaration of counsel for Defendants, Connor Nordstrom, filed in support of the motion, Defendants require additional time in part because counsel's efforts to evaluate the case were hampered by Plaintiff's misidentification of two of the defendants and the date of the incident relevant to Plaintiff's complaint. *Id.* at 4. Based on counsel's representations, the Court finds good cause to grant the requested extension.

**B. Plaintiff's Motion for Summary Judgment**

Defendants also seek an extension of time to respond to Plaintiff's motion for summary judgment, filed January 11, 2024. (Doc. 33.)

Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials...." Fed. R. Civ. P. 56(c)(1)(A).

Summary judgment should be entered, *after adequate time for discovery* and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (emphasis added). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of their pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention

2

that the dispute exists or shows that the materials cited by the movant do not establish the absence of a genuine dispute. *See* Fed. R. Civ. P. 56(c); *Matsushita*, 475 U.S. at 586 n.11.

The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, *see Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1436 (9th Cir. 1987). In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv.*, 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita*, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the evidence of the opposing party is to be believed. *See Anderson*, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. *See Matsushita*, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. *See Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted).

In his two-page motion, Plaintiff seeks summary judgment on the merits of his Eighth Amendment excessive claim against Defendants. Plaintiff's motion for summary judgment is premature pursuant to Rule 56 of the Federal Rules of Civil Procedure because summary judgment generally follows discovery. Although Rule 56 allows a party to file a motion for

summary judgment "at any time," the rule also allows the court, as is just, to deny the motion or order a continuance for the opposing party to pursue discovery. Fed. R. Civ. P. 56.

Defendants have not yet answered Plaintiff's operative complaint.[2] The Court has not yet issued its discovery order and discovery has not yet commenced. Written discovery (requests for production of documents, interrogatories, admissions) has not yet been propounded and depositions have not been taken. *See* Fed. R. Civ. P. 56(c)(1)(A). Defendants are entitled to an opportunity to pursue discovery before responding to a summary judgment motion. Defendants contend that without an opportunity to complete discovery, Plaintiff's claims, and any viable defenses thereto, cannot be evaluated. (Doc. 38 at 5.)

Based on the foregoing, the undersigned will recommend that Plaintiff's motion for summary judgment be denied as premature. Plaintiff may file a motion for summary judgment that incorporates after obtaining all relevant materials following completion of discovery as contemplated by Rule 56. *See, e.g.*, *Moore v. Hubbard*, No. CIV S-06-2187 FCD EFB P, 2009 WL 688897, at *1 (E.D. Cal. Mar. 13, 2009) (recommending that pre-discovery motion for summary judgment be denied as premature); *see also Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003) (noting that when "a summary judgment motion is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case," the district court should grant requests by non-movants to take discovery prior to considering the motion for summary judgment); *Vining v. Runyon*, 99 F.3d 1056, 1058 (11th Cir. 1996) ("A premature decision on summary judgment impermissibly deprives the [defendants] of their right to utilize the discovery process to discover the facts necessary to justify their opposition to the motion").

Plaintiff's motion for summary judgment also fails to comply with Local Rule 260(a), which requires that "[e]ach motion for summary judgment or summary adjudication shall be accompanied by a 'Statement of Undisputed Facts' that shall enumerate discretely each of the specific material relied upon in support of the motion and cite the particular portions of any

---

[2] Although Plaintiff filed a first amended complaint (Doc. 17), the Court construed that pleading as an election to proceed on the original complaint as screened. *See* (Doc. 19 at 2.)

4

pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon to establish that fact." Compliance with Local Rule 260(a) is mandatory. Plaintiff's failure to include a Statement of Undisputed Facts with his summary judgment motion renders his summary judgment motion procedurally defective. Plaintiff is cautioned that any future motion for summary judgment must include a "Statement of Undisputed Facts" and must otherwise comply with the Local Rules.

**CONCLUSION AND ORDER**

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Defendants' motion for extension of time to respond to the complaint (Doc. 38) is **GRANTED** and Defendants shall file a responsive pleading no later than February 26, 2024;

And **IT IS HEREBY RECOMMENDED** that:

2. Plaintiff's motion for summary judgment (Doc. 33) be **DENIED**.

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 12, 2024**

UNITED STATES MAGISTRATE JUDGE