UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN LEWIS, JR., <br><br> Plaintiff, <br><br> v. <br><br> ALAN QUINTO, *et al.*, <br><br> Defendant. | Case No. 1:22-cv-00628-NODJ-CDB (PC) <br><br> **ORDER DISCHARGING ORDER TO SHOW CAUSE** (Doc. 37) <br><br> **FINDINGS AND RECOMMENDATIONS TO DISMISS DEFENDANT HERNANDEZ FROM THIS ACTION FOR PLAINTIFF'S FAILURE TO EFFECT SERVICE OF PROCESS** <br><br> 14-DAY OBJECTION DEADLINE |

Plaintiff Kevin Lewis, Jr., is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983. This action proceeds on an Eighth Amendment claim for use of excessive force against Defendants Alan Quinto, Bobby Gilbert, Shannon Brown, and John Hernandez, Correctional Officers ("COs") at North Kern State Prison; and a claim for failure to protect against COs Brown and Hernandez. (Doc. 20.)

On October 27, 2023, the Court issued its Order Finding Service Appropriate. (Doc. 21.) Specifically, service was to be effected on Defendants Quinto, Gilbert, Brown, and Hernandez. (*Id*. at 2.)

On December 12, 2023, and again on January 8, 2024, the California Department of Corrections and Rehabilitation ("CDCR") advised the Court service would not be waived as to Defendant Hernandez, indicating it was unable to identify a "John Hernandez." (Docs. 28, 32.)

CDCR was unable to provide a last known address or any other information concerning this individual.

On January 16, 2024, the Court entered an order to show cause (OSC) requiring Plaintiff to show cause, within 30 days, why Defendant Hernandez should not be dismissed from the action, or to provide additional information to assist the United States Marshal in locating Defendant Hernandez for service of process. (Doc. 37 at 3-4.) Plaintiff was cautioned that a failure to respond to the OSC would result in dismissal pursuant to Federal Rule of Civil Procedure 4(m). (*Id*. at 4.)

More than 30 days have passed, and Plaintiff has failed to respond to the OSC or to provide additional information to assist the United States Marshal in effecting service of process on Defendant Hernandez.

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Absent a showing of good cause, courts have discretion under Rule 4(m) to extend the time for service or to dismiss the action without prejudice. *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001). A prisoner plaintiff is required to provide sufficient information to effectuate service of process on a defendant by the United States Marshal. *Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994), abrogated in part on other grounds in *Sandin v. Connor*, 515 U.S. 472 (1995).

Service of Plaintiff's complaint was authorized on October 23, 2023 (Doc. 21) and summonses were issued that same day. (Doc. 22.) All Defendants besides Defendant Hernandez have filed an answer to Plaintiff's complaint. (Doc. 40.). On December 12, 2023, and again on January 8, 2024, CDCR advised the Court service would not be waived as to Defendant Hernandez, indicating it was unable to identify a "John Hernandez." (Docs. 28, 32.) CDCR was unable to provide a last known address or any other information concerning this individual.

As stated above, Plaintiff has failed to time file a written response to the OSC or to

provide additional information concerning Defendant Hernandez to allow for service of process by the United States Marshal. It follows that, by his failure to comply with the Court's OSC, Plaintiff has failed to show good cause concerning his failure to provide the United States Marshal with sufficient information to effect service of process on Defendant Hernandez. *Walker*, 14 F.3d at 1421-22.

## CONCLUSION, ORDER AND RECOMMENDATION

Accordingly, IT IS HEREBY ORDERED that the OSC issued January 16, 2024 (Doc. 37) is DISCHARGED.

Further, for the reasons stated above, IT IS HEREBY RECOMMENDED that Defendant John Hernandez be DISMISSED, without prejudice, from this action for Plaintiff's failure to effectuate service of process.

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). Within 14 days of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 29, 2024**

UNITED STATES MAGISTRATE JUDGE