UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN LEWIS, JR., <br><br>  Plaintiff, <br><br>  v. <br><br> ALAN QUINTO, *et al.*, <br><br>  Defendants. | Case No. 1:22-cv-00628-KES-CDB (PC) <br><br> ORDER DENYING MOTION TO APPOINT COUNSEL <br><br> (Doc. 52) |

Plaintiff Kevin Lewis, Jr., is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983.

**I.   Background**

This action proceeds on Plaintiff's Eighth Amendment claims screened in Plaintiff's original complaint pursuant to the Eighth Amendment for excessive force against Defendants Quinto[1], Gilbert, Brown, and Hernandez, Correctional Officers ("COs") at North Kern State Prison; and a claim for failure to protect against COs Brown and Hernandez. (Docs. 20, 21.).[2]

---

[1] In an amended notice of intent to waive service, Defendant Quinto's name was rendered by counsel for Defendants as "Alan Guinto," which is the same name used by that Defendant in Defendants' answer to the complaint. *Cf.* (Doc. 31 *with* Doc. 40.)

[2] On February 29, 2024, the undersigned issued findings and recommendation to dismiss Defendant Hernandez for Plaintiff's failure to provide sufficient information concerning Defendant Hernandez's identity and current location to permit service; those findings and recommendations remain pending before the assigned district judge. (Doc. 43.)

On January 3, 2024, the Court denied Plaintiff's first motion for appointment of counsel, finding among other things that no extraordinary circumstances warranted appointing counsel to Plaintiff given his ability to articulate his claims, which the Court found to be not complex. (Doc. 30.)

Thereafter, Plaintiff filed a motion for summary judgment (Doc. 33), which the undersigned has recommended to the assigned district judge be denied as premature (Doc. 39) as discovery at that time had not commenced.

After at least one party declined to participate in an early settlement conference, the Court issued a discovery and scheduling order on March 29, 2024. (Doc. 51.)

## II. Plaintiff's Motion for Appointment of Counsel

On May 9, 2024, Plaintiff filed the pending motion for appointment of counsel. (Doc. 29.) In his motion, Plaintiff requests counsel because he "cannot obtain [necessary] documentation to prove his case on his own will due to limited resources due to plaintiffs confinement …" *Id.* Plaintiff separately asserts that he "cannot conduct certain procedures such as depositions without the help of legal aide." *Id.*

As the Court advised Plaintiff in denying his first motion for the appointment of counsel, plaintiffs do not have a constitutional right to appointed counsel in section 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). Nor can the Court require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks & citations omitted).

### *Likelihood of Success on the Merits*

At this stage in the proceedings, the Court cannot determine whether Plaintiff is likely to succeed on the merits. *Rand*, 113 F.3d at 1525. A merits-based determination tests the veracity of the claims based upon evidence adduced during litigation. The issues involved here are not complex. Plaintiff's Eighth Amendment excessive force and failure to protect claims will largely involve factual determinations as opposed to more complex legal arguments and determinations.

### *Plaintiff's Ability to Articulate Claims*

The Court finds Plaintiff is able to articulate his claims as demonstrated by the fact that the Court has found cognizable claims pleaded against multiple Defendants. *Rand*, 113 F.3d at 1525. Further, Plaintiff has responded appropriately to the Court's orders and filed motions for summary and default judgment. (Docs. 1, 13, 14, 16, 33.) Moreover, the Court reiterates that Plaintiff's case is not exceptional. The Court is faced with similar cases almost daily. While the Court recognizes that Plaintiff is at a disadvantage due to his pro se status and his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). The test is whether exceptional circumstances exist; here, they do not. Indeed, circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. *See, e.g.*, *Faultry v. Saechao*, 2020 WL 2561596, at *2 (E.D. Cal., May 20, 2020) (stating that "[c]ircumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances supporting appointment of counsel"); *see also Rand*, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony").

Plaintiff is advised the fact an attorney may be better able to perform research, investigate, and represent a plaintiff does not change the analysis. There is little doubt most pro se litigants "find it difficult to articulate [their] claims," and would be better served with the assistance of counsel. *Wilborn*, 789 F.2d at 1331; *Courtney v. Kandel*, No. 2:18-CV-2052-KJM-DMC-P, 2020

3

WL 1432991, at *1 (E.D. Cal. Mar. 24, 2020) (declining to appoint counsel where plaintiff argued imprisonment "will greatly limit his ability to litigate," finding such challenges "are ordinary for prisoners pursuing civil rights claim" and cannot form the basis for appointment of counsel). For this reason, in the absence of counsel, federal courts employ procedures which are highly protective of a pro se litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding pro se complaint to less stringent standard) (per curiam); *McNeil v. Hayes*, No. 1:10-cv-01746-AWI-SKO (PC), 2014 WL 1125014, at *2 (E.D. Cal. Mar. 20, 2014) (applying relaxed standard to permit plaintiff to serve additional interrogatories in light of challenges conducting depositions). In fact, where a plaintiff appears pro se in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Thus, where a pro se litigant can "articulate his claims" in light of the relative complexity of the matter, the "exceptional circumstances" which might require the appointment of counsel do not exist. *Wilborn*, 789 F.2d at 1331; accord *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

In sum, Plaintiff faces challenges and circumstances faced by most pro se prisoner litigants. Nevertheless, those circumstances are not exceptional and do not warrant the appointment of counsel. *Rand*, 113 F.3d at 1525.

### III.  Conclusion and Order

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Appoint Counsel (Doc. 52) is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated:  **May 31, 2024**

UNITED STATES MAGISTRATE JUDGE