UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN LEWIS, JR.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ALAN QUINTO, et al.,<br><br>　　　　Defendants. | Case No.: 1:22-cv-00628-CDB (PC)<br><br>**ORDER GRANTING DEFENDANTS' SECOND MOTION FOR ADMINISTRATIVE RELIEF EXTENDING TIME TO RESPOND TO PLAINTIFF'S FILINGS**<br><br>(Doc. 62) |

Plaintiff Kevin Lewis, Jr. ("Plaintiff") is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendants Alan Guinto,[1] Bobby Gilbert, and Shannon Brown (collectively, "Defendants") for violations of Plaintiff's constitutional rights.

**I.　　INTRODUCTION**

On May 18, 2022, Plaintiff initiated this action with the filing of a complaint. (Doc. 1). On March 29, 2024, the Court issued is Discovery and Scheduling Order. (Doc. 51). Therein, the Court set the deadline for filing all dispositive motions (other than a motion for summary judgment to exhaust, which was due July 29, 2024) to February 6, 2025. (*Id.* ¶ 9). On November 18, 2024,

---

[1] The Court notes that Defendant Alan Guinto may have been misspelled or misidentified as "Alan Quinto" on the docket. Plaintiff raises the misspelling of Defendant Guinto's name in his motions for summary judgment. (Doc. 56, 57). Defendants identify "Guinto" in their administrative motions for relief. (Docs. 59 at 1, 62 at 1).

Plaintiff filed a one-page document entitled "Motion for Summary Judgment." (Doc. 56). Plaintiff filed a second, one-page document also entitled "Motion for Summary Judgment" on November 25, 2024. (Doc. 57).

On December 6, 2024, Defendants filed their first administrative motion requesting an extension of time to respond to Plaintiff's filings by 30 days up to and including January 8, 2025. (Doc. 59). On December 13, 2024, the Court granted the administrative motion for good cause. (Doc. 60).

Pending before the Court is Defendants' second administrative motion requesting a 7-day extension of time to respond to Plaintiff's filings, up to and including January 15, 2025. (Doc. 62).

**II.     DISCUSSION**

Counsel for Defendants represents that despite due diligence, he has been unable to complete and file a responsive pleading by the current deadline. (*Id.* at 1). In support of the requested brief extension, Counsel for Defendants notes that prior to discovery, Plaintiff filed premature motions for summary judgment and motions for default in this case. (*Id.* at 3, ¶ 2); *see* (Docs. 13, 14, 16, 33). These motions were denied by the Court. (Doc. 62 at 3, ¶ 2); *see* (Docs. 19, 39). Plaintiff thereafter filed two documents labeled "Motion for Summary Judgment" on November 18, 2024, and November 25, 2024. (Doc. 62 at 3, ¶ 2); *see* (Docs. 56, 57).

Counsel for Defendants declares he has been diligently litigating this case as he has taken Plaintiff's deposition, propounded discovery, and responded to discovery requests. (Doc. 62 at 3, ¶ 3). Counsel for Defendants declares he is in the process of completing a response to Plaintiff's pending filings (Docs. 56, 57), including reviewing all prior filings, underlying records, documents uncovered through discovery, interviewing witnesses, and drafting a response. (*Id.*). Counsel declares that despite originally thinking the prior extension sufficient to complete the response, and due to unforeseen risks to which he had to respond, and his recent assignment to an upcoming trial, he is unable to complete a response by the current deadline. (*Id.* at ¶ 4). Counsel declares that he has been inundated attending to this and many other deadlines in other cases, such as discovery, motions practice, and various pretrial responsibilities. (*Id.*). Counsel declares he was also out of the office during the holidays for pre-planned vacation time. (*Id.*). Counsel declares that this

request is not brought for any improper purpose, or to delay or harass Plaintiff in the prosecution of this action. (*Id.* at ¶ 5). Counsel declares that he does not believe the requested extension will significantly impact the progress of this case or unfairly prejudice Plaintiff, and Defendants' opposition will be filed significantly in advance of the dispositive motion and discovery deadlines, and there is trial date currently set in the matter. (*Id.*). Counsel further declares that to his knowledge, Plaintiff has no direct telephone number or e-mail address because he is incarcerated, which makes same-day delivery and immediate notice of the instant motion impracticable. (*Id.* at ¶ 6). Counsel declares that he is mailing Plaintiff a copy of this motion and attached declaration via First-Claim U.S. Mail. (*Id.*).

Here, Defendants have established good cause for a final, brief extension to respond to Plaintiff's filings for 7 days, up to and including January15, 2025. The Court finds a response by Plaintiff to be unnecessary. (*See* L.R. 233(b)).

### III.    CONCLUSION AND ORDER

Accordingly, and for good cause shown, the Court **ORDERS** that Defendants' second motion for administrative relief (Doc. 62) is **GRANTED**, and Defendants have up to and including **January 15, 2025,** to file a response to Plaintiff's filings (Docs. 56, 57).

No further requests for extensions will be entertained by the Court absent a showing of extraordinary circumstances.

IT IS SO ORDERED.

Dated:   **January 8, 2025**                                   _____
                                                                                    UNITED STATES MAGISTRATE JUDGE

3