UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN LEWIS, JR.,<br><br>           Plaintiff,<br><br>     v.<br><br>ALAN QUINTO, *et al.*,<br><br>           Defendants. | Case No.: 1:22-cv-00628-CDB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT<br><br>(Docs. 56, 57)<br><br><u>21-Day Deadline</u> |

Plaintiff Kevin Lewis, Jr. ("Plaintiff") is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendants Alan Guinto,[1] Bobby Gilbert, and Shannon Brown (collectively, "Defendants") for violations of Plaintiff's constitutional rights.

Pending before the Court are Plaintiff's motions for summary judgment, filed November 18, 2024, and November 25, 2024. (Docs. 56, 57). Following the grant of extensions of time, on January 15, 2025, Defendants filed their opposition to the pending motions. (Doc. 64). Plaintiff did not file a reply. For the reasons set forth herein, the Court will deny Plaintiff's motions for

---

[1] The Court notes that Defendant Alan Guinto may have been misspelled or misidentified as "Alan Quinto" on the docket. Plaintiff raises the misspelling of Defendant Guinto's name in his motions for summary judgment. (Docs. 56, 57). Defendants identify "Guinto" in their administrative motions for relief. (Docs. 59 at 1, 62 at 1).

summary judgment.[2]

## I. RELEVANT BACKGROUND

On May 18, 2022, Plaintiff initiated this action with the filing of a complaint. (Doc. 1). Prior to the Court's screening of the complaint, on May 15, 2023, Plaintiff filed his first motion for summary judgment, which was denied without prejudice on October 25, 2023. (Docs. 13, 20).

On July 7, 2023, the Court screened Plaintiff's complaint, finding cognizable claims against Defendants Guinto, Gilbert, Brown, and John Hernandez[3], and granting leave to amend to the extent Plaintiff wished to remedy deficiencies with other claims. (Doc. 15). On July 18, 2023, Plaintiff filed a purported first amended complaint; however, the Court construed the pleading as an election to proceed on the original complaint as screened. (Docs. 17, 21). On October 27, 2023, the Court found service of the complaint appropriate and directed e-service on Defendants. (Doc. 21).

Prior to Defendants appearing in the action, on January 11, 2024, Plaintiff filed a second motion for summary judgment, which the Court denied without prejudice as premature on July 31, 2024. (Docs. 33, 39, 54). On March 29, 2024, the Court issued is Discovery and Scheduling Order. (Doc. 51). Therein, the Court set the deadline for filing all dispositive motions (other than a motion for summary judgment to exhaust, which was due July 29, 2024) for February 6, 2025. (*Id.* ¶ 9).

On November 18, 2024, Plaintiff filed a one-page document entitled "Motion for Summary Judgment." (Doc. 56). Plaintiff filed a second, one-page document also entitled "Motion for Summary Judgment" on November 25, 2024. (Doc. 57). Defendants timely opposed the pending motions on January 15, 2025. (Doc. 64).

## II. APPLICABLE LAW

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Washington*

---

[2] On August 9, 2024, upon the parties' expression of consent to the jurisdiction of a United States magistrate judge for all further proceedings in this action, including trial and entry of judgment, this action was reassigned to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c)(1). (Doc. 55).

[3] On July 31, 2024, Defendant John Hernandez was dismissed without prejudice from this action for Plaintiff's failure to effectuate service of process. (Doc. 54).

*Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011).  An issue of fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1422, 1436 (9th Cir. 1987).

Each party's position in favor of or opposition to summary judgment must be supported by: (1) citing to particular portions of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact.  *See* Fed. R. Civ. P. 56(c)(1).  A court may consider other materials in the record not cited to by the parties, but it is not required to do so.  *See* Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist*., 237 F.3d 1026, 1031 (9th Cir. 2001) (on summary judgment, "the court has discretion in appropriate circumstances to consider other materials, [but] it need not do so").  Furthermore, "[a]t summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial." *Nevada Dep't of Corr. v. Greene*, 648 F.3d 1014, 1019 (9th Cir. 2011) (citations and internal quotations omitted).  The focus is on the admissibility of the evidence's contents rather than its form. *Fonseca v. Sysco Food Servs. of Arizona, Inc.*, 374 F.3d 840, 846 (9th Cir. 2004).

"The moving party initially bears the burden of proving the absence of a genuine issue of material fact." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp. v. Catrett,* 477 U.S. at 317, 323 (1986)).  To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  If the moving party meets this initial burden, the burden then shifts to the non-moving party "to designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d at 387 (citing *Celotex Corp.,* 477 U.S. at 323).  The non-moving party must "show more than the mere existence of a scintilla of evidence." *Id.* (citing

1  *Anderson,* 477 U.S. at 252).  However, the non-moving party is not required to establish a material
2  issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to
3  require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec.*
4  *Serv.,* 809 F.2d at 630.

5        The court must apply standards consistent with Rule 56 to determine whether the moving
6  party has demonstrated the absence of any genuine issue of material fact and that judgment is
7  appropriate as a matter of law.  *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993).
8  "[A] court ruling on a motion for summary judgment may not engage in credibility determinations
9  or the weighing of evidence." *Manley v. Rowley,* 847 F.3d 705, 711 (9th Cir. 2017) (citation
10 omitted).  The evidence must be viewed "in the light most favorable to the nonmoving party" and
11 "all justifiable inferences" must be drawn in favor of the nonmoving party.  *Orr v. Bank of America,*
12 *NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th
13 Cir. 2000).

14 **III.  DISCUSSION**

15        In his first single-page motion for summary judgment, Plaintiff seeks to be awarded
16 $4,000,000. (Doc. 56).  Plaintiff asserts that he "has been preparing for trial when [he] came across
17 vital information that would alter the case in [his] favor." (*Id.*).  Plaintiff asserts that Defendant
18 Guinto "was/is a defendant in a civil case[,]" and cites to "*Manago v. Santoro*, 2022 U.S. Dist[.]
19 243299[.]" (*Id.*).  Plaintiff asserts Defendant Guinto's "position is stated in that case as a registered
20 nurse so [Guinto] not only defauts [*sic*] but perjurs himself and impersonate[s] state personnel" as
21 a "CDCR sergeant[.]" (*Id.*).  Plaintiff thus asserts summary judgment in the requested amount is
22 warranted because Defendant Guinto "misspelled his name on his state uniform and state document
23 to conceal [his] true identity of him truly being Alan Guinto with a G and not a Q for Quinto."
24 (*Id.*).

25        In his second single-page motion for summary judgment, Plaintiff re-asserts his request for
26 $4 million.  (Doc. 57).  Plaintiff asserts Defendant Guinto "is in default pursuant to 18 U.S.C §
27 912" because on February 24, 2020, Defendant Guinto "stepped out his role as registered nurse for
28 North Kern State Prison ("NKSP") crisis bed unit and impersonated [sergeant] of [NKSP]." (*Id.*).

1 Plaintiff again cites to *Manago v. Santoro* and provides the record citation as "2022 U.S. Dist. Lexis
2 243299 Case No: 1:21-cv-01616-DAD-BAM [PC]." (*Id.*).

3 Defendants contend Plaintiff's motions are procedurally defective because they fail to
4 comply with the Federal Rules of Civil Procedure and the Local Rules. (Doc. 64). Defendants
5 argue that Plaintiff's motions are not properly supported by record facts as he does not cite to any
6 evidence, nor does he support his position with any documents as required under Federal Rule of
7 Civil Procedure 56. (*Id.* at 3). Defendants contend Plaintiff's motions fail to comply with Local
8 Rule 260(a) as he failed to include a Statement of Undisputed Facts in connection with both of his
9 motions despite being previously cautioned by the Court of that requirement. (*Id.* at 4). Defendants
10 argue Plaintiff's reliance on the *Manago* case is irrelevant because there is no defendant named
11 "Guinto" in that case. (*Id.* at 3). Defendants contend there is nothing for them to affirmatively
12 oppose given the motions fail to argue the merits of Plaintiff's claims against Defendants or provide
13 any evidence to support these claims in any way. (*Id.* at 4). Defendants therefore argue that because
14 Plaintiff's motions are procedurally defective, they should be denied. (*Id.*). Defendants request
15 that, to the extent the Court seeks further argument or briefing, they be permitted complete
16 necessary discovery under Federal Rule of Civil Procedure 56(d) and file a substantive opposition
17 by the existing summary judgment deadline as a standalone document or, if appropriate, as part of
18 a cross-motion for summary judgment." (*Id.* at 2).

19 As noted above, the Court denied Plaintiff's second motion for summary judgment without
20 prejudice as premature on July 31, 2024. (Doc. 54). Relevant here, the Court adopted the February
21 12, 2024, findings that Plaintiff's motion was premature and that he could file a motion for
22 summary judgment after obtaining all relevant materials following completion of discovery as
23 contemplated by Rule 56. (Doc. 39 at 4). The undersigned also admonished Plaintiff that his earlier
24 motion failed to comply with Local Rule 260(a), which requires that "[e]ach motion for summary
25 judgment or summary adjudication shall be accompanied by a 'Statement of Undisputed Facts' that
26 shall enumerate discretely each of the specific material relied upon in support of the motion and
27 cite the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission,
28 or other document relied upon to establish that fact." (*Id.* at 4-5). Plaintiff was further admonished

5

that "[c]ompliance with Local Rule 260(a) is mandatory" and his "failure to include a Statement of Undisputed Facts with his summary judgment motion renders his [ ] motion procedurally defective." (*Id.* at 5). Plaintiff was cautioned that "any future motion for summary judgment must include a "Statement of Undisputed Facts" and must otherwise comply with the Local Rules." (*Id.*). Here, Plaintiff again has failed to adhere to the Federal Rules of Civil Procedure, the Local Rules, and the Court's previous admonishments concerning, among other things, the requirement to support any motion for summary judgment with an appropriate statement of undisputed facts.

As to Plaintiff's citation to *Manago v. Santoro, et al.*, No. 1:21-cv-01616-DAD-BAM (PC), 2022 U.S. Dist. Lexis 243299, 2022 WL 20209064 (E.D. Cal. Feb. 16, 2022) ("*Manago*"), the Court disagrees with Defendants that "there is no defendant named Guinto in that case." (Doc. 64 at 3). In *Manago*, the Court, through its screening order, addressed the plaintiff's allegations, which named 22 defendants, including "(18) A Guinto, registered nurse[.]" *Manago*, 2022 WL 20209064, at *1. Plaintiff appears to argue that Defendant Guinto "stepped out his role as registered nurse for [NKSP] crisis bed unit and impersonated [a] [NKSP sergeant]" (Doc. 57), and thus "is in default" pursuant to 18 U.S.C. § 912, which provides: "Whoever falsely assumes or pretends to be an officer or employee acting under the authority of the United States or any department, agency or officer thereof, and acts as such, or in such pretended character demands or obtains any money, paper, document, or thing of value, shall be fined under this title or imprisoned not more than three years, or both." 18 U.S.C. § 912. However, that statute is inapplicable here as Defendant Guinto is a state official employed by NKSP, whether as a correctional officer or a registered nurse as in *Monago*. Further, Plaintiff fails to support his barebone contentions with citations to any evidence produced or discovery in this case. *See* Fed. R. Civ. P. Rule 56(c). Nor has Plaintiff addressed whatsoever the merits of his remaining Eighth Amendment claims for the use of excessive force. In short, Plaintiff fails to meet his burden of proving the absence of a genuine issue of material fact as to whether Defendant Guinto impersonated as a correctional officer or to his entitlement to judgment as a matter of law for his claims. *In Re Oracle Corp. Sec. Litig.*, 627 F.3d at 387.

Therefore, the Court will deny Plaintiff's motions for summary judgment because Plaintiff failed to adhere to the applicable rules and the Court's previous admonishments and to carry his

burden on summary judgment.

\* \* \* \* \*

Because discovery has now closed and the deadline to file dispositive motions has run, the parties will be directed to meet and confer and propose dates of mutual availability to convene for pretrial conference and trial. In the event both parties desire to first convene for a Court-sponsored settlement conference, they also may propose dates for a settlement conference.

## IV. CONCLUSION AND ORDER

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiff's motions for summary judgment (Docs. 56, 57) are **DENIED**.

**IT IS FURTHER ORDERED** that, within 21 days of entry of this order, the parties shall file a joint report identifying two dates of mutual availability to convene for pretrial conference and trial. Proposed trial dates shall fall eight weeks after the associated pretrial conference dates.

IT IS SO ORDERED.

Dated: **February 7, 2025**

UNITED STATES MAGISTRATE JUDGE