UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN LEWIS, JR.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ALAN QUINTO, *et al.*,<br><br>　　　　　Defendants. | Case No.: 1:22-cv-00628-CDB (PC)<br><br>ORDER TO SHOW CAUSE IN WRITING WHY SANCTIONS SHOULD NOT BE IMPOSED FOR PLAINTIFF'S FAILURE TO OBEY A COURT ORDER<br><br>(Docs. 65, 67)<br><br>**14-DAY DEADLINE** |

Plaintiff Kevin Lewis, Jr. ("Plaintiff") is state prisoner proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendants Alan Guinto,[1] Bobby Gilbert, and Shannon Brown (collectively, "Defendants") for violations of Plaintiff's constitutional rights.

**I.	RELEVANT BACKGROUND**

On February 10, 2025, the Court denied Plaintiff's motions for summary judgment. (Doc. 65). In its order, the Court directed the parties to file within 21 days a joint report identifying two dates of mutual availability to convene for pretrial conference and trial. (*Id.* at 7).

The docket represents that Plaintiff refused to accept service of the Court's February 10

---

[1] The Court notes that Defendant Alan Guinto may have been misspelled or misidentified as "Alan Quinto" on the docket. Plaintiff raises the misspelling of Defendant Guinto's name in his motions for summary judgment. (Doc. 56, 57). Defendants identify "Guinto" in their administrative motions for relief. (Docs. 59 at 1, 62 at 1).

order. *See* (Dkt. entry dated 2/24/2025). On February 27, 2025, Defendants filed a notice in which counsel for Defendants represents that despite multiple attempts, he has been unable to confer with Plaintiff in as directed by the Court in its February 10 order regarding his availability for trial given Plaintiff has refused to participate in multiple scheduled telephone calls to confer regarding the Court's order. (*Id.* at 1). Specifically, counsel for Defendants declares that the litigation coordinator at California State Prison, Sacramento, where Plaintiff is housed, informed him by email that Plaintiff refused two scheduled calls to confer with counsel to comply with the Court's order. (*Id.* at 3 ¶¶ 3-4). Because of Plaintiff's refusals, Defendants have been unable to confer with Plaintiff and comply with the Court's order. (*Id.* at 1). Thus, Defendants request an order directing Plaintiff comply with the Court's order and participate in the meet-and-confer process or alternatively, to allow Defendants to submit a report of their own availability to the Court. (*Id.* at 2).

## II.     ORDER TO SHOW CAUSE

Local Rule 110, corresponding with Federal Rule of Civil Procedure 11, provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. Local Rule 110. The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Here, Plaintiff has refused to accept service of the Court's order denying Plaintiff's motions for summary judgment which ordered the parties to file a joint report identifying two dates of mutual availability to convene for pretrial conference and trial. (Doc. 65). Plaintiff's

2

1  refusals to accept service of the order and otherwise engage in the meet-and-confer efforts of
2  counsel for Defendants constitutes a failure to comply with the Court's order.  Thus, Plaintiff will
3  be ordered to show cause in writing why sanctions should not be imposed for his failure to
4  comply with this Court's order and the Local Rules.

**III.     CONCLUSION AND ORDER**

Accordingly, IT IS HEREBY ORDERED that Plaintiff show cause in writing **within 14 days** of the date of service of this order, why sanctions should not be imposed for his failure to comply with the Court's order and the Local Rules, as set forth herein.

**Any further refusal by Plaintiff to comply with the Court's orders and the Local Rules, whether by refusing service of this order or by failing to respond, will result in the imposition of sanctions, up to and including dismissal of the action.**

IT IS SO ORDERED.

Dated:   **March 4, 2025**                                   _____
                                                                           UNITED STATES MAGISTRATE JUDGE