UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN LEWIS, JR., <br><br> Plaintiff, <br><br> v. <br><br> ALAN QUINTO, *et al.*, <br><br> Defendants. | Case No.: 1:22-cv-00628-CDB (PC) <br><br> ORDER DISMISSING ACTION WITH PREJUDICE PURSUANT TO RULE 41(b) FOR PLAINTIFF'S FAILURE TO OBEY A COURT ORDER <br><br> (Docs. 65, 68) |

Plaintiff Kevin Lewis, Jr. ("Plaintiff") is state prisoner proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff commenced this action with his filing of a complaint on May 18, 2022 (Doc. 1). He filed the operative first amended complaint on July 18, 2023 (Doc. 17). After the Court found certain claims cognizable and directed service upon Defendants (Docs. 20, 21), on February 26, 2024, Defendants filed their answer. (Doc. 40). Following a brief stay of proceedings to facilitate possible early settlement discussions (Docs. 41, 50), on March 29, 2024, the Court entered the operative scheduling order. (Doc. 51).

Prior to Defendants appearing in the action and prior to entry of the scheduling order, Plaintiff filed two motions for summary judgment. (Docs. 13, 33). The Court denied those motions without prejudice because they were premature. (Docs. 20, 54).

On November 18, 2024, and November 25, 2024, Plaintiff filed additional motions for

1 summary judgment, which the Court denied on February 10, 2025. (Docs. 56, 57, 65). In its order denying Plaintiff's motions, because discovery had closed and the deadline to file dispositive motions had run, the Court directed the parties to file within 21 days a joint report identifying two dates of mutual availability to convene for pretrial conference and trial. (*Id.* at 7).

The docket reflects that Plaintiff refused to accept service of the Court's February 10 order. *See* (Dkt. entry dated 2/24/2025). Thereafter, on February 27, 2025, Defendants filed a notice in which counsel for Defendants represents that despite multiple attempts, he has been unable to confer with Plaintiff as directed by the Court in its February 10 order regarding his availability for trial. (Doc. 67). Specifically, counsel attests that Plaintiff refused to participate in multiple scheduled telephone calls to confer regarding the Court's order (stating Plaintiff did not want to do the call), and therefore Defendants, have been unable to comply with the Court's order to identify dates for pretrial conference and trial. (*Id.* at 3 ¶¶ 3-5).

Because Plaintiff refused to accept service of the Court's order and otherwise comply with its direction to meet-and-confer with counsel for Defendants, on March 4, 2025, the Court ordered Plaintiff to show cause in writing, within 14 days of the date of service of the order, why sanctions should not be imposed for his failure to comply with this Court's order and the Local Rules. (Doc. 68). Plaintiff was forewarned that any further refusal "**to comply with the Court's orders and the Local Rules, whether by refusing service of this order or by failing to respond, will result in the imposition of sanctions, up to and including dismissal of the action.**" (*Id.* at 3) (emphasis original).

Plaintiff's time to file a response to the Court's show cause order has passed and Plaintiff has failed to file a response with the Court and otherwise comply with the Court's orders.

**Governing Legal Standards**

Local Rule 110, corresponding with Federal Rule of Civil Procedure 11, provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. Local Rule 110. The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the

1  action. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Federal Rule of Civil Procedure 41(b) allows the Court to dismiss an action if the plaintiff fails to comply with a court order. Fed. R. Civ. P. 41(b). "By its plain text, a Rule 41(b) dismissal . . . requires a court order with which an offending plaintiff failed to comply." *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 891 (9th Cir. 2019) (internal quotation marks, citation, and footnote omitted). The Court must analyze five factors before dismissing a case pursuant to Rule 41(b): "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Id.* (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

**Discussion**

Here, Plaintiff has failed to comply with the Court's orders and Local Rules. Plaintiff has refused to accept service of the Court's order denying Plaintiff's motions for summary judgment which ordered the parties to file a joint report identifying two dates of mutual availability to convene for pretrial conference and trial, refused to engage in the meet-and-confer efforts of counsel for Defendants as directed by the Court, and has therefore failed to comply with the Court's order. Further, Plaintiff filed no response to the Court's order to show cause explaining why sanctions should not be imposed for his failure to comply with this Court's order and the Local Rules, and the time to do so has passed. There are no other reasonable alternatives

3

available to address Plaintiff's failures to respond and otherwise obey this Court's orders. Thus, the first and second factors—the expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

The third factor, risk of prejudice to Defendants, also weighs fairly in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). This matter cannot proceed further without Plaintiff's participation to prosecute the case in engaging with the meet-and-confer efforts of counsel for Defendants to file a joint report so that the Court may set dates for pretrial conference and trial, and in explaining why he refused service of the Court's orders and why sanctions should not be imposed for his failure to comply with the Court's orders. (Docs. 65, 67, 68). The presumption of injury holds given Plaintiff's unreasonable delay in prosecuting this action. Thus, the third factor—a risk of prejudice to the Defendants—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan*, 291 F.3d at 643. However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460 F.3d at 1228. Plaintiff has not moved this case forward toward disposition on the merits. He has instead failed to comply with this Court's orders, the Federal Rules of Civil Procedure, and the Local Rules, and is thus impeding the progress of this action. Therefore, the fourth factor — the public policy favoring disposition of cases on their merits — also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262. Here, the Court's order to show cause, requiring a response from Plaintiff, cautioned: "**Any further refusal by Plaintiff to comply with the Court's orders and the Local Rules, whether by refusing service of this order or by failing to respond, will result in the imposition of sanctions, up to and including dismissal of the action.**" (Doc. 68 at 3) (emphasis original). Plaintiff was adequately forewarned that the failure to respond to the show cause order could

result in terminating sanctions.

Because Plaintiff has failed to comply with this Court's orders and Local Rules, and in so doing is failing to prosecute his case, the Court determines that Rule 41(b) dismissal is appropriate. The Court will therefore dismiss this action with prejudice.

**CONCLUSION AND ORDER**

Accordingly, IT IS HEREBY ORDERED:

1. This action is DISMISSED WITH PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to comply with the Court's orders (Docs 65, 68). *See* Fed. R. Civ. P. 41(b); and

2. The Clerk of the Court is DIRECTED to close this case.

IT IS SO ORDERED.

Dated:   **March 27, 2025**                                        
UNITED STATES MAGISTRATE JUDGE